MARÍA ANDREA MATTEI LARTIGAUT, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1022. Submitted May 6, 1938.—Decided July 12, 1938.

*L. López de Victoria* for appellant.   The registrar appeared by brief.

Mr. Justice Travieso delivered the opinion of the court.

About 1929 María Andrea Mattei Lartigaut, the appellant herein, acquired title to certain real estate which was divided into two parcels, described as A. and B.   The original title was duly recorded in the Registry of Property of San Germán.   Subsequently, the appellant had parcel B surveyed by an engineer who found that the parcel in question contained, within its actual boundaries, an area of 90.30 acres *(cuerdas)* instead of 52.66 acres.

In order to acquire a recordable title for the excess area resulting from the above survey, the appellant instituted a dominion title proceeding in the District Court of Ponce. The judgment entered thereon directed that the excess area should be recorded in the registry.   The record of said judgment was refused by the registrar of property of San Germán on the following grounds:

" . . . . because it appears that the tract of land or parcel B sought to be recorded has, in accordance with the survey which it is claimed to have been made by the surveyor José Ramírez Gaudier,

an area of 90.30 acres, showing therefore an excess area of 37.64 acres, and it is not specifically stated in the foregoing order that the plan of the survey in question had been produced in the court which approved the dominion title proceeding, nor has such plan been submitted to this office, nor is there any certificate from the surveyor himself to the effect that the owners of the properties adjoining said parcel had been summoned when the survey in question was made, which is an indispensable requisite for the purpose of the survey and establishment of the boundaries of a property, since the plan in itself, even if produced, would not be conclusive evidence that the proper legal procedure had been followed.''

The appellant maintains that the registrar has exceeded his official authority, because he has passed upon facts which have no relation to the jurisdiction or competency of the court nor to the procedure followed by it.

The registrar says that not only was there a failure to notify the adjoining property owners but also that the procedure followed by the petitioner was erroneous.

The proper procedure, according to the registrar, would have been to have the property surveyed by a competent surveyor after all the adjoining property owners had been notified and then apply to a notary public, with the plan of the survey duly approved by all the parties, to draw up a paper in order to correct the record. If those steps had been taken, the registrar would have revised the original record in order to conform it to the facts.

The procedure suggested by the registrar is undoubtedly the speediest and most adequate and the one involving the best guarantees not only for the appellant in recording the excess area of the parcel, but also for the adjoining property owners who might be affected by a record made without notice to them.

The proceeding in the case at bar was apparently instituted in conformity with section 395 and the following section of the Mortgage Law, which in its pertinent part reads as follows:

"Any owner of property *having no written title of ownership whatever* be the period of the acquisition, may record such ownership upon proving it under the following formalities:

"1. He shall submit to the judge of the court of first instance of the judicial district in which the property is situated, or to the one of the district in which the larger portion thereof is situated, if the estate be located in more than one district, a statement of the manner in which he acquired it and any legal proof of such acquisition which he may have to offer, and praying that, after citation of the person from whom the property may have been acquired, or of his predecessor in interest, and of the representative of the department of public prosecution, such evidence be admitted and a declaration of his rights made.

"2. The judge shall refer this petition to the representative of the department of public prosecution, shall cite the person from whom the property was acquired or his predecessor in interest, if known, and the persons who may have any property right in said real property; he shall admit all pertinent evidence which may be offered by the petitioner, by the interested persons cited or by the representative of the department of public prosecution within the term of 180 days, and he shall summon the unknown persons who might be prejudiced by the record applied for, by means of notices which shall be posted in public places and inserted three times in the official newspapers of the respective colonial Province, in order that they may appear if they wish to assert their rights." (Italics ours.)

It is evident that the appellant did not lack a written dominion title to the parcel whose area was sought to be corrected in the registry through the institution of a dominion title proceeding, without summoning the adjoining property owners who might be prejudiced by the record of the excess area, which in the case at bar amounted to 70 per cent of the one appearing of record in the registry. In her petition for appeal the appellant urges "that the said dominion title proceeding was instituted in the District Court of Ponce *in order to show an excess area* resulting from survey of a rural property belonging to the petitioner, *which property was already recorded in the Registry of Property of San Germán.*" In the very judgment entered by the District

Court of Ponce, approving the dominion title proceeding and directing the record of parcel B in accordance with the area resulting from the survey, it is stated that the real property in question "is recorded in the name of the petitioner as the owner thereof, free from any encumbrance or lien, etc."

As the appellant has a written dominion title recorded in the registry, from which a description clearly appears of the boundaries of the property and it was within such boundaries that the new survey was carried out, if from such a survey a greater area resulted than that appearing from the registry, and the difference between the recorded area and the area resulting from the new survey exceeded 20 per cent, the speediest, fairest, and most adequate procedure, sanctioned by the decisions of this court, would be to make a survey of the piece of property after summoning the adjoining property owners. If the difference were less than 20 per cent, the registrar has power to make the proper correction in the books of the registry, even though the adjoining property owners may not have been summoned. See *Cobb* v. *Registrar*, 12 P.R.R. 211; *Delgado* v. *Registrar*, 29 P.R.R. 807; *Ripoll* v. *Registrar*, 40 P.R.R. 773; *Muriente* v. *Registrar*, 47 P.R.R. 232; *Aboy* v. *Cintrón*, 52 P.R.R. 143; Odriozola, *Jurisprudencia Hipotecaria*, pp. 772–777.

██ We do not agree with the contention of the appellant that the respondent registrar exceeded his authority in his ruling. The case of *Heirs of Estrella* v. *Registrar*, 41 P.R.R. 751, cited by the appellant, justifies to our mind the decision of the registrar. In that case this Supreme Court said:

"The judgment of a district court rendered in a dominion title proceeding must be accepted as correct and sufficient if the court had jurisdiction of the subject matter and the procedure followed has been the one prescribed by law. In his decision the registrar may pass upon those two elements, namely, jurisdiction and competency or procedure, but not upon the justice or injustice of the judgment which are matters beyond his power and jurisdiction."

Nor is the appellant supported by the other cases cited in her brief. In the instant case the registrar has not exceeded his jurisdiction, nor has he in any way challenged the weighing of the evidence by the trial court. The registrar has considered as erroneous the institution of a dominion title proceeding with respect to a piece of property the ownership of which is already duly recorded in the registry under his charge in favor of its owner with a written title, the petitioner herein. We hold that the respondent registrar acted properly in refusing the record sought and his decision must be affirmed.

Mr. Justice Wolf dissented.